

FILED
OCT 16 2007

# UNITED STATES DISTRICT COURT

# DISTRICT OF SOUTH DAKOTA

# CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. 07-30064 |
| Plaintiff, | |
| -vs- | MEMORANDUM OPINION AND ORDER |
| ALYCE MCGHEE, a/k/a ALYCE SHIELDS, BRENT WELLS, CARLA BIG EAGLE, VELSWORTH HAWK, AND TERRA THOMPSON, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendants, Alyce McGhee, a/k/a Alyce Shields, Brent Wells, Carla Big Eagle, Velsworth Hawk and Terra Thompson (referred to individually by last name or collectively as Defendants), have all filed Motions for Severance, seeking separate trials. Docket Nos. 100, 97, 95, 89, 87. Plaintiff, United States of America (Government), has filed a Response to the Motions, Docket No. 99, and submitted for in camera review, the statements made by Defendants to law enforcement officers which refer or relate to the allegations contained in the Indictment.[1] After considering the Motions in light of the records on file and the totality of the circumstances present, the Court concludes that the Motions should be denied.

I.

The pertinent facts and procedural history can be briefly stated. Defendants are charged individually, as co-conspirators and/or as aiders and abettors with embezzlement and

---

[1] These statements will be filed under seal and included as part of the record in this case.

theft from an Indian Tribal Organization (ITO) between May 1, 2004 and December 31, 2005. The table below outlines these charges in more detail:

| Count | Alleged Victim | Defendant(s) Named | Offense Charged | Dates Alleged |
|---|---|---|---|---|
| 1 | Crow Creek Housing Authority (CCHA) | All Defendants | Conspiracy to Commit Embezzlement and Theft from ITO | May 1, 2004 - December 31, 2005 |
| 2 | CCHA | McGhee/Shields and Big Eagle | Aiding and Abetting, Embezzlement and Theft of ITO | November 10, 2004 |
| 3 | CCHA | McGhee/Shields, Wells and Big Eagle | Aiding and Abetting, Embezzlement and Theft of ITO | April 21, 2005 |
| 4 | CCHA | McGhee/Shields, Wells, Big Eagle and Thompson | Aiding and Abetting, Embezzlement and Theft of ITO | June 9, 2005 |
| 5 | CCHA | Big Eagle, McGhee/Shields and Wells | Aiding and Abetting, Embezzlement and Theft of ITO | July 22, 2005 |
| 6 | CCHA | Big Eagle, McGhee/Shields and Wells | Aiding and Abetting, Embezzlement and Theft of ITO | August 29, 2005 |
| 7 | CCHA | McGhee/Shields, Wells, Big Eagle and Thompson | Aiding and Abetting, Embezzlement and Theft of ITO | September 16, 2005 |

| Count | Alleged Victim | Defendant(s) Named | Offense Charged | Dates Alleged |
|---|---|---|---|---|
| 8 | CCHA | McGhee/Shields, Wells and Big Eagle | Aiding and Abetting, Embezzlement and Theft of ITO | October 6, 2005 |
| 9 | CCHA | McGhee/Shields, Wells and Big Eagle | Aiding and Abetting, Embezzlement and Theft of ITO | October 13, 2005 |
| 10 | CCHA | McGhee/Shields, Wells, Big Eagle and Thompson | Aiding and Abetting, Embezzlement and Theft of ITO | October 26, 2005 |
| 11 | CCHA | McGhee/Shields | Embezzlement and Theft of ITO | July 11, 2005 |
| 12 | CCHA | Wells | Embezzlement and Theft of ITO | March 20, 2005 |
| 13 | CCHA | Wells | Embezzlement and Theft of ITO | May 20, 2005 |
| 14 | CCHA | Wells | Embezzlement and Theft of ITO | July 12, 2005 |
| 15 | CCHA | Wells | Embezzlement and Theft of ITO | August 4, 2005 |
| 16 | CCHA | Big Eagle | Embezzlement and Theft of ITO | November 10, 2005 |
| 17 | CCHA | Hawk | Embezzlement and Theft of ITO | September 23, 2004 |
| 18 | CCHA | Hawk | Embezzlement and Theft of ITO | December 9, 2004 |
| 19 | CCHA | Hawk | Embezzlement and Theft of ITO | May 23, 2005 |
| 20 | CCHA | Hawk | Embezzlement and Theft of ITO | June 6, 2005 |

| Count | Alleged Victim | Defendant(s) Named | Offense Charged | Dates Alleged |
|---|---|---|---|---|
| 21 | CCHA | Hawk | Embezzlement and Theft of ITO | August 9, 2005 |
| 22 | CCHA | Hawk | Embezzlement and Theft of ITO | August 17, 2005 |
| 23 | CCHA | Hawk | Embezzlement and Theft of ITO | September 7, 2005 |
| 24 | CCHA | Hawk | Embezzlement and Theft of ITO | October 20, 2005 |

They have pled not guilty to the offenses they were charged with and a jury trial is scheduled for December 11, 2007.

II.

In their severance Motions, Defendants claim that they were improperly joined under Fed. R. Crim. P. 8(b). In the alternative, they contend that they are prejudiced by the joinder and seek severance under Fed. R. Crim. P. 14 and Bruton v. United States, 391 U.S. 123 (1968).

III.

Rule 8(b) of the Federal Rules of Criminal Procedure provides that two or more defendants may be charged in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." A court may grant a severance of trials "if joinder . . . of defendants in an indictment . . . "appears to prejudice a defendant." Fed. R. Crim. P. 14(a).

"Rarely, if ever, will it be improper for co-conspirators to be tried together." United States v. Wint, 974 F.2d 961, 965 (8th Cir. 1992), cert. denied, 506 U.S. 1062 (1993); see

4

also <u>United States v. Gravatt</u>, 280 F.3d 1189, 1191 (8th Cir. 2002) ("persons charged in a conspiracy or jointly indicted on similar evidence from the same or related offense should be tried together, even if each defendant did not participate in or was not charged with each offense."). To warrant severance, a defendant must show "real prejudice" that is, "something more than the mere fact that he [or she] would have had a better chance for acquittal had he [or she] been tried separately." <u>United States v. Oakie</u>, 12 F.3d 1436, 1441 (8th Cir. 1993) (quoting <u>United States v. Adkins</u>, 842 F.2d 210, 211-12 (8th Cir. 1998)). The question of whether a denial of a severance motion results in "clear or real prejudice" turns in large part on whether a jury is able to compartmentalize the evidence against each defendant. <u>United States v. Bordeaux</u>, 84 F.3d 1544, 1547 (8th Cir. 1996); <u>United States v. Blum</u>, 65 F.3d 1436, 1444 (8th Cir. 1995), <u>cert</u>. <u>denied</u>, 516 U.S. 1097 (1996).

The mere fact that two or more defendants may have potentially antagonistic defenses and that hostility may result if one or more of them attempts to save themselves at the expense of the others is not sufficient grounds for severance. <u>Bordeaux</u>, 84 F.3d at 1547; <u>United States v. Shivers</u>, 66 F.3d 938, 940 (8th Cir.), <u>cert</u>. <u>denied</u>, 516 U.S. 1016 (1995). Likewise, the fact that one or more defendants may shift the blame to another defendant(s) or that there is a disparity in the weight of the evidence between defendants does not mandate separate trials. <u>Bordeaux</u>, 84 F.3d at 1547; <u>United States v. McGuire</u>, 45 F.3d 1177, 1187 (8th Cir.), <u>cert</u>. <u>denied</u>, 515 U.S. 1132 (1995); <u>United States v. Johnson</u>, 944 F.2d 396, 402-03 (8th Cir.), <u>cert</u>. <u>denied</u>, 503 U.S. 1008 (1991).

A review of the Indictment reveals a continuing course of criminal conduct involving embezzlement and theft of an ITO, by employees of that ITO, over a 20-month time period.

5

Defendants are alleged to have stolen and unlawfully converted, to their own use or the use of another, monies, funds, credits, goods, assets and/or property belonging to the ITO. The alleged victim, CCHA, is the same for all 24 of the offenses. There can be little doubt that Defendants are charged with committing, or at least having participated in, the same series of embezzlement and theft offenses. The charges are of a similar nature, are based on similar conduct and are connected by a conspiracy made up of co-workers. The charges were, therefore, properly joined under Rule 8.

If joinder is proper under Rule 8, the defendants seeking severance have a heavy burden of demonstrating that a joint trial will impermissibly infringe on their right to a fair trial. United States v. Warfield, 97 F.3d 1014, 1019 (8th Cir. 1996), cert. denied, 520 U.S. 1110 (1997). There is a strong presumption against severing properly joined cases. United States v. Ruiz, 412 F.3d 871, 886 (8th Cir. 2005).

Defendants have failed to sustain their heavy burden of showing severe or compelling prejudice. See Warfield, 97 F.3d at 1018; McGuire, 45 F.3d at 1187. Even though there are five Defendants and 24 counts, this does not appear to be a complex case or one in which a jury is likely to be confused and incapable of "compartmentalizing" the evidence. See Bordeaux, 84 F.3d at 1547; Blum, 65 F.3d at 1444; United States v. Jones, 880 F.2d 55, 63 (8th Cir. 1989). The case involves Defendants, who are charged both individually and together, with stealing from the ITO they worked for. And, whether certain evidence is admissible against one or more Defendants does not require severance. See Bordeaux, 84 F.3d at 1547; McGuire, 45 F.3d at 1187. Nor are Defendants entitled to severance simply because the Government's evidence may be more damaging against one or more of them.

See United States v. Garcia, 785 F.2d 214, 220 (8th Cir.), cert. denied, 475 U.S. 1143 (1986). Beyond this, any evidentiary concerns, such as the admission of prior uncharged misconduct or confessions, can be appropriately addressed through motions in limine and/or carefully crafted jury instructions. See United States v. Boone, 437 F.3d 829, 837-38 (8th Cir.), cert. denied, 127 S.Ct. 172 (2006); United States v. Ghant, 339 F.3d 660, 666 (8th Cir. 2003), cert. denied, 540 U.S. 1167 (2004); United States v. Robinson, 774 F.2d 261, 265-67 (8th Cir. 1985).

IV.

In Bruton, the United States Supreme Court held that the Confrontation Clause was violated when a confession of one defendant implicating another defendant was placed before the jury at the defendants' joint trial and the confessing defendant did not take the witness stand and was therefore not subject to cross-examination. 391 U.S. at 126, 137. In so holding, the Supreme Court made clear that the Sixth Amendment violation was not cured by the giving of a cautionary instruction that the confession was to be considered only as evidence against the confessing defendant. Id. at 128-29, 135-37.

About two decades later, the Supreme Court in Richardson declined to extend the Bruton rule and instead, held that the Confrontation Clause was not violated by the admission of a non-testifying co-defendant's confession that was redacted to eliminate the defendant's name and any other reference to the defendant's existence. 481 U.S. at 206-11. In Richardson, the evidence introduced after the co-defendant's redacted statement caused the statement to inculpate the defendant. Id. at 203-04. The Court found, however, that such "contextual" incrimination did not violate the rule in Bruton because a jury was likely to obey

7

a cautionary instruction to consider the statement itself as evidence only against the confessing defendant. Id. at 208-09.

Recently, the Supreme Court revisited the applicability of Bruton's protective rule to the redacted confession of a co-defendant. In Gray v. Maryland, 523 U.S. 185 (1998), the Court held that a confession which substituted blanks and the word "delete" for the co-defendant's proper name fell within the scope of the Bruton rule. 523 U.S. at 197.

Unlike the situation in Bruton, where the co-defendant's confession expressly implicated the defendant as his accomplice, Defendants' statements here are not incriminating on their face, but only will become so when linked with other evidence to be introduced at trial. Where the necessity of such linkage is involved, there is not the overwhelming probability of jurors being unable to disregard incriminating inferences that is the foundation for the Bruton rule. Richardson, 481 U.S. at 208; United States v. Logan, 210 F.3d 820, 822 (8th Cir.) (en banc), cert. denied, 531 U.S. 1053 (2000). In addition, from a practical standpoint, if the rule in Bruton is extended to confessions that incriminate by connection and linkage (as in this case), it would be difficult, if not impossible, to predict the admissibility of confessions in advance of trial. Richardson, 481 U.S. at 208-09. Thus, under Richardson, Defendants' statements are admissible if and when a proper limiting instruction is given and the identity of the confessing Defendant is redacted to eliminate not only his or her name, but any reference to his or her existence. 481 U.S. at 211; Logan, 210 F.3d at 821-23.[2] Assuming this is done here, severance is not obligatory under the

---

[2]As to whether Defendants' names can be replaced with a pronoun or similarly neutral
(continued...)

Confrontation Clause. McGuire, 45 F.3d at 1187; United States v. Miller, 995 F.2d 865, 866-67 (8th Cir.), cert. denied, 512 U.S. 1018 (1993).

V.

The Court believes that there are no overriding reasons or unique circumstances present that would compel the granting of separate trials to each Defendant. This coupled with the Court's view that a joint trial will not compromise any of Defendants' rights or result in actual prejudice or have a substantial and injurious effect or influence on the jury's verdict, see Zafiro, 506 U.S. at 539-41; United States v. Lane, 474 U.S. 438, 449 (1986); United States v. Ortiz, 315 F.3d 873, 897-900 (8th Cir. 2002), makes clear that severance is not warranted in this instance.

Based on the foregoing, it is hereby

ORDERED that Defendants' severance Motions, Docket Nos. 100, 97, 95, 89, 87, shall be and are denied except to the extent that they seek to have each other's statements redacted in accordance with Richardson.[3]

---

[2](...continued)
word, the Eighth Circuit has consistently upheld this practice as long as the redacted confession or admission does not facially incriminate or lead the jury directly to a non-testifying defendant's co-defendant. See e.g. United States v. Edwards, 159 F.3d 1117, 1124-26 (8th Cir. 1998) (use of "we", "they", "someone" and "others"), cert. denied, 528 U.S. 825 (1999); United States v. Jones, 101 F.3d 1263, 1270 & n. 5 (8th Cir. 1996) ("we" and "they"), cert. denied, 520 U.S. 1160 (1997).

[3]In denying Defendants' Motions, the Court believes that the Supreme Court's decisions in Gray and Lilly v. Virginia, 527 U.S. 116 (1999) are distinguishable from the case at hand and/or that the pitfalls found in them can be avoided by following the dictates of Richardson. See Logan, 210 F.3d at 827-33; see also Edwards, 159 F.3d at 1125-26. Redaction under Richardson, though, should be reciprocal; that is, each Defendant's respective statement should be redacted so that their Sixth Amendment right to confrontation is not infringed.

Dated this 16th day of October, 2007, at Pierre, South Dakota.

BY THE COURT:

*[signature: Mark A. Moreno]*

**MARK A. MORENO**
**UNITED STATES MAGISTRATE JUDGE**

ATTEST:
JOSEPH HAAS, CLERK
BY: *[signature]*
       Deputy
(SEAL)